FELIX HANNA V. THE STATE.

No. 18352. Delivered May 20, 1936.

The opinion states the case.

*Dick Young* and *C. F. Stevens*, both of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, a fine of $35.00.

The information in this case alleges that four named persons stole one hat of the value of three dollars, being the corporeal personal property of one Teltschik, from his possession without his consent, etc. As we view the record there is no testimony to support an allegation of such ownership. The proof shows that Teltschik and three others were in a car, which they parked at a certain place. The car belonged to the father of Teltschik. When they got out of the car the girl in the party decided to leave her hat in the car and did so. Teltschik locked the door of the car. While the party was gone another car with five persons in it seems to have stopped near this car, and,—if we understand the record,—a witness testified that he saw a man about the height and size and same color of hair as appellant in the Teltschik car. When the picnic party came back the hat was gone; so were the five parties who were seen near the car of Teltschik. Later in the day five persons were observed in a car similar to the one seen stopped near Teltschik's car, as above referred to. These parties were stopped. In their car was found a lady's hat, which was taken to the police station. All five of the persons in the car just mentioned were arrested. The father of Teltschik testified that he got a lady's hat from the police station and gave it to his son. Young Teltschik testified that the hat he got from his father was the one taken out of his car.

We are of opinion that Teltschik did not qualify himself to testify as to the value of the hat. He was allowed, over objection, to testify that the hat was worth three dollars, apparently based entirely upon the fact that the young lady, to whom it belonged, told him so.

The case is undoubtedly one of circumstantial evidence. Appellant wrote out and presented to the trial court a charge instructing the jury that the case was one of circumstantial evidence, and presenting the law applicable to a case of that kind. This charge the learned trial judge refused, stating in his refusal that the case was not one of circumstantial evidence. We are sorry to be compelled to entertain an opposite view. The trial court fell into error in refusing to give the requested charge.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*